[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT (#117 122)
For the purposes of summary judgment, the following facts are not in dispute. On October 14, 1996, the plaintiff, Ellen Zavian and defendant, Kristine Lilly, entered into a personal management agreement (PMA) pursuant in which the plaintiff agreed to represent the defendant as her individual agent in "negotiat[ing] a footwear/apparel agreement. . . ." (Plaintiff's Memorandum, Exhibit A (PMA), ¶ 1.) The PMA provides that the plaintiff is entitled to a ten percent commission on income the defendant earns as a result of the plaintiff's services. (PMA, ¶ 2.) The PMA also provides that the agreement can be terminated as follows: by the defendant, if she is "dissatisfied with the plaintiff's services," and gives the plaintiff written notice, effective upon the plaintiff's receipt thereof and by the plaintiff, with written notice to the defendant thirty days prior to the effective date. (PMA, ¶ 5.) The PMA provides that it "shall be interpreted in accordance with the laws of the State of Maryland." (PMA, ¶ 9.)
The plaintiff participated in negotiations for an endorsement agreement between the defendant and Adidas America, Inc. (Adidas). On January 1, 1997, the defendant and Adidas entered into an endorsement agreement that was to remain in effect from January 1, 1997 through December 31, 2000 CT Page 3696 (Adidas agreement). (Plaintiff's Memorandum, Exhibit D.) In accordance with the PMA, the defendant paid compensation to the plaintiff until June or July of 1997 for the income the defendant earned under the Adidas agreement. (Defendant's Memorandum, Exhibit 1, ¶ 17; Plaintiff's Memorandum, Zavian Affidavit, ¶ 6.) On June 18, 1997, the plaintiff sent a letter to the defendant in which she confirmed that she would no longer act as the defendant's representative and suggested what she termed as an amendment to the PMA. (Plaintiff's Memorandum, Exhibit C.) On August 22, 1997, the defendant sent the plaintiff a letter in which she notified the plaintiff that she was terminating the PMA. (Defendant's Memorandum, Exhibit 5.)
On May 16, 2000, the plaintiff filed a four count complaint against the defendant. In count one, the plaintiff asserts a claim of breach of contract by the defendant based on the PMA. The plaintiff alleges that the defendant breached the terms of the PMA by not continuing to pay her the ten percent commission on the income the defendant received under the Adidas agreement. In count two, the plaintiff asserts a claim of quantum meruit. She alleges that the defendant was unjustly enriched by taking the benefit of the plaintiff's services pursuant to the PMA and not adequately compensating the plaintiff. In count three, the plaintiff requests declaratory relief from the court and asks that the court determine the rights and duties of the parties under the PMA. Finally, in count four, the plaintiff alleges that a fiduciary relationship existed between the parties and requests an accounting to determine the amount of income the defendant earned pursuant to the Adidas agreement and how much of that income is owed to the plaintiff
The defendant filed an answer in which she asserts two special defenses and a counterclaim. In the first special defense, the defendant alleges that the plaintiff violated Rule 1.8(a) of the Maryland Rules of Profession Conduct, which mandates that if an attorney enters into a business relationship with her client, the agreement must be equitable and fair to the client and the attorney must advise the client to seek independent legal advice. In the Second Special Defense, the defendant alleges that the PMA is an unconscionable contract and is, therefore, unenforceable.
The defendant's counterclaim contains two counts. In the first count, the defendant alleges that the PMA is barred by Rule 1.8(a) of the Maryland Rules of Profession Conduct because the plaintiff had a conflict of interest and acted unethically in that she represented the defendant's team and two of her teammates at the same time that she represented the defendant and the plaintiff failed to advise the defendant to seek independent legal advice. The defendant alleges that because the PMA is barred by this rule, it is null and void and the plaintiff must refund CT Page 3697 all the compensation the defendant paid to her thereunder, with interest. In the second count, the defendant essentially re-alleges the first count and adds that the plaintiff knowingly violated Rule 1.8(a) by engaging in a business relationship with the defendant at the same time that the plaintiff represented the defendant's team. The defendant alleges that she was damaged by the plaintiff's conduct and demands that the plaintiff refund all fees and expenses the defendant paid to the plaintiff from September, 1996, to August, 1997, including money paid to the plaintiff pursuant to the Adidas agreement.
The parties have filed cross motions for Summary Judgment each asserting that the issues can be decided on a matter of law.
There are a number of factual issues which preclude the granting of a summary judgment including:
1. Was the defendant required to pay the plaintiff the ten percent commission on the the income she earned under the Adidas agreement after the plaintiff ceased acting as the defendant's personal representative? This would normally be a question of law for the court, but the terms of the agreement are not unambiguous and there is evidence that the parties did not intend that the defendant's duty to pay would continue after the parties terminated their relationship.
2. Was the parties' agreement that the defendant would pay the plaintiff a ten percent commission on the income the defendant earned on the Adidas Agreement a fee arrangement between a lawyer and client or a fee arrangement between an agent and client.
Accordingly, the cross motions for summary judgment are denied.
RUSH, J.